IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| BOBBY FRANCIS LOWRY; LOWRY FAMILY HOLDINGS, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> BORDER STATE ELECTRIC; TYLER HALL, <br><br> Defendants. | Cause No. CV 18-51-BU-BMM-JCL <br><br><br> ORDER TO PLAINTIFF LOWRY |

Plaintiff Lowry filed this action on August 13, 2018.

## I. Screening

Lowry is a prisoner proceeding in forma pauperis. *See* Mot. (Doc. 1); Order (Doc. 5). The Court must review his complaint to determine whether it fails to state a claim on which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii).

Lowry is also self-represented. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted).

1

## II. Lowry's Allegations

Lowry alleges that, on August 9, 2012, he and/or Lowry Family Holdings, LLC, paid $10,000.00 to purchase a software program "written in Rockwell Automation's STUDIO5000 software family" from Defendant Border States Electric ("BSE"). *See* Compl. (Doc. 2) at 2–3.

In March of 2016, Lowry was arrested. The State accused him of "withholding" a laptop belonging to "a past business associate," Industrial Automation Consulting, Inc. Lowry alleges that he installed or executed the Rockwell program on that laptop. *See id.* at 3.

Lowry asserts that BSE was "ethically require[d]. . .to testify as to the factual background of the software ownership, as well as said software's functionality on the disputed laptop." Compl. at 3. But when Lowry's counsel attempted to subpoena Defendant Hall—BSE's local manager—Hall was "unable to testify" because "he had a sudden unexpected flight he must undertake." *Id.* at 4. BSE represented that "no other employee . . . was able to testify." *Id.*

Lowry alleges that Hall did not, in fact, have a flight, because "certain parties" acting on Lowry's behalf "contacted [Hall] multiple times at his place of employment." *Id.* Lowry suggests Hall did not want to testify because he was "a good friend of the owner of Industrial Automation Consulting Inc. Chuck Wambakee." *Id.*

Lowry claims that Hall and BSE caused him "enormous financial damage due to the unprofessional behavior of Tyler Hall, as well as Border State Electrics inability to manage its employees, and maintain a zone neutral to its customers in order for it to support its customers." Compl. at 5. He also claims the Defendants "caused enormous health issues as well as placed huge strains on the relationships the Plaintiff maintains." *Id.* He seeks monetary damages of $640,000 for four years' lost salary, $120,000 due to loss of prior contracts, $10,000 "to offset possible health related cost" as well as costs and "legal fees" incurred in this action. *Id.*

### III. Deficiencies in Complaint

**A. Intent to File in Federal Court**

Under the heading of "Venue," Lowry says, "The amount of financial claim laid against the above named Defendants mandates this matter brought before a District Court Judge in good standing in the Great State of Montana." Compl. (Doc. 2) at 2.

This Court is a federal court, not a court of "the Great State of Montana." Lowry may file a claim in state court regardless of the amount he seeks.

It is not clear that Lowry intended to file in federal court. If he intended to file in a state district court, he should respond to this Order by filing a notice of voluntary dismissal.

3

## B. Lowry Family Holdings, LLC

Lowry is not a member of the Bar of this Court and cannot represent anyone other than himself. *See* 28 U.S.C. § 1654; *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993); *Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); D. Mont. L.R. 83.8(b) (Dec. 1, 2017).

Lowry alleges that he is the "holder, and owner of Lowry Family Holdings LLC." Compl. at 3. An individual who is not an attorney may represent his own sole proprietorship, because it has no legal existence apart from the individual. *See, e.g., Sharemaster v. SEC*, 847 F.3d 1059, 1066 n.4 (9th Cir. 2017) (citing *RZS Holdings AVV v. PDVSA Petroleo S.A.*, 506 F.3d 350, 353–54 (4th Cir. 2007); *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007)). The Court will assume, for present purposes only, that a single-member LLC should be treated in the same way as a sole proprietorship.

The Defendants and/or Lowry Family Holdings, LLC, may be prejudiced if Lowry litigates on the LLC's behalf when he lacks authority to do so. Therefore, Lowry must demonstrate that he is the sole member and owner of the LLC and that no one else is connected with it. He may do this by producing the relevant business documentation or, if he is unable to obtain documents due to his incarceration, by identifying the Secretary or Secretaries of State with whom the

4

LLC is registered.[1]

**C. Domicile**

In order to proceed in this Court, Lowry must allege facts sufficient to support an inference that, at the time he filed the complaint, he personally was not domiciled in the same State as the defendants. *See* 28 U.S.C. § 1332(a); *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). A person is domiciled where he has a "fixed habitation or abode in a particular place, and intends to remain there permanently or indefinitely." *Lew*, 797 F. 2d at 749.

The locations of Lowry's residence before his incarceration, his personal and real property, voting registration, bank accounts, spouse and family, memberships in various organizations, place of employment or location of business, driver's license, car registration, payment of taxes, or other similar facts may all be relevant. *See id.*

"LLCs have the citizenship of all of their owners/members." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 902 (9th Cir. 2006).

**D. Cause of Action**

**1. Contract**

Lowry attempts to state a claim for breach of contract. But a "guarantee" of

---

[1] This information is also relevant to whether Lowry or the LLC can state a claim on which relief may be granted and whether diversity jurisdiction exists.

5

an "assumption" does not support an inference that there is a legally enforceable duty under the purchase contract. A customer support contract providing "technical support," Compl. at 3, does not support an inference that anyone was required to give testimony in "truthful protection" of the purchaser as to "certain aspects" of anything. Breach of ethical duties, "unprofessional behavior," "inability to manage employees," and "out of control management philosophy," see Compl. at 3, 5, do not support a cause of action for breach of contract. If Lowry believes one or both Defendants breached a contract, he must describe the term that was breached or, better yet, attach the contract to an amended complaint.

More fundamentally, Lowry alleges Border State Electric made a guarantee about "any product it sold Lowry Family Holdings LLC." Compl. at 3. Lowry personally cannot claim damages from breach of the contract. He entered into the contract as Lowry Family Holdings, LLC. If he intends to claim breach of contract, he must identify the damages incurred by Lowry Family Holdings, LLC.

### 2. Failure to Comply with Subpoena

The complaint may be understood to allege that Hall and BSE successfully eluded a subpoena to appear in state court. Lowry must allege, if he can truthfully do so, that a subpoena was issued to one or both Defendants and one or both disobeyed it. *See* Mont. Code Ann. §§ 26-2-105, 26-2-301. He must also identify the action in which the subpoena was issued and must state whether he, the LLC,

6

or both were parties to that action.

### E. Causation

Lowry's allegation that he "has suffered enormous financial damage due to" the defendants does not support an inference that either BSE or Hall actually caused the damages Lowry claims. Lowry must allege facts showing how each defendant's actions or inactions resulted in the damages he claims. For example, he alleges damages of $640,000 consisting of "[f]our years expected lost salary." He must explain why and from whom he expected this salary and how each defendant's conduct played a role in causing him to lose it.

The same is true of Lowry's allegations about the loss of other contracts and his health issues. He must explain what "prior contractual agreements" he had and how the defendants are responsible for his inability to maintain them. And he must explain what his health issues are and why he believes they were caused or exacerbated by the defendants' actions.

### F. Connection with Criminal Case

As he has explained in other actions filed in this Court, *see, e.g.*, Pet. Ex. I (Doc. 1-2), *Lowry v. Salmonsen*, No. CV 18-63-BU-BMM-JCL (D. Mont. filed Sept. 26, 2018), Lowry is currently appealing a felony theft conviction to the Montana Supreme Court.

It is not clear whether or how this civil action is connected with the criminal

7

case, but a connection may well exist. For instance, to convict Lowry of felony theft by embezzlement, the State had to prove beyond reasonable doubt that he stole property "exceeding $10,000 in value." Mont. Code Ann. § 45-6-301(7)(c) (eff. Apr. 30, 2001). His brief in the pending appeal suggests that a Dell laptop is among the items for which he was ordered to pay restitution. The value of the laptop alone does not appear to exceed $10,000. *See* Appellant Br. at 1–2, *State v. Lowry*, No. DA 17-0413 (Mont. Sept. 17, 2018).

For what it may be worth, Lowry is advised that it is not possible to use a federal civil action to impeach a state criminal judgment. In other words, even if Lowry succeeds in proving his allegations in this federal case, his success will have no automatic effect on the validity of his state criminal conviction or sentence.

### IV. Amendment

The complaint fails to state a claim because it does not adequately allege the defendants were contractually obligated to provide testimony and because it does not allege that either defendant was served with and disobeyed a subpoena. In addition, Lowry does not adequately establish his authority to appear on behalf of Lowry Family Holdings, LLC; does not adequately allege his domicile for purposes of diversity jurisdiction; and does not adequately allege that either defendant caused the damages Lowry claims.

8

These defects might be cured by amendment. Lowry will be given an opportunity to file an amended complaint. Any amended complaint must be retyped or rewritten in its entirety on the form provided with this Order. The amended complaint may not incorporate any part of the original complaint by reference. Lowry may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). The amended complaint will replace the original complaint and will be the controlling pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). If Lowry fails to use the required form, the Court may strike the amended complaint and recommend this action be dismissed with prejudice for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b).

If Lowry did not intend to file in federal court, he may respond to this Order by filing a notice of voluntary dismissal. *See* Fed. R. Civ. P. 41(a)(1)(A)(i). Failure to respond to this Order will result in a recommendation that the action be dismissed for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), (g), and/or dismissed with prejudice for failure to comply with a court order, *see* Fed. R. Civ. P. 41(b).

Based on the foregoing, the Court enters the following:

**ORDER**

1. On or before **December 7, 2018,** Lowry must respond to this Order either by filing a notice of voluntary dismissal or by filing an Amended Complaint.

2. If Lowry chooses to amend his complaint, he must use the form provided with this Order.

3. The clerk will include the Court's standard amended complaint form (non-prisoner) with Lowry's service copy of this Order.

<u>Lowry must immediately advise the Court of any change in his mailing address</u> by filing a "Notice of Change of Address" under this case number. Failure to do so may result in dismissal of this action without notice to him.

DATED this 20th day of November, 2018.

Jeremiah C. Lynch
United States Magistrate Judge